FILED
SUPERIOR COURT
OF GUAM

2014 AUG -5 AM 9: 05

CLERK OF COURT
BY:___X___

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | |
| v. | CRIMINAL CASE NO. CF 0023-14 |
| JOSE WHITE LONGA, FRANCIS CHARLIE MADEUS, MINORICHY NISAR T. RUGANTE | **DECISION AND ORDER** |
| Defendants. | |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 1st day of August, 2014, for hearing on the Motion to Withdraw as Counsel filed by counsel for Defendant Minorichy Nisar T. Rugante. Assistant Attorney General Matthew Heibel represented the People, and Attorney Mark S. Smith represented the Defendant. For the reasons set forth below, the Motion to Withdraw as Counsel is DENIED.

## BACKGROUND

The Defendant Minorichy Nisar T. Rugante has been charged with and indicted for first degree criminal sexual conduct and kidnapping. On March 21, 2014, the People moved to compel the Defendant and his co-defendants to submit to a DNA sample. The Court granted the motions from the bench on May 27, 2014, and issued written orders the following day. On June 11, 2014, the Defendant's counsel submitted a Motion for Reconsideration, with an

accompanying Declaration. In the Declaration Mr. Smith declared that he had advised the Defendant against submitting the DNA, that the Defendant believed his DNA sample would serve as exculpatory evidence, and that the Defendant had not wished to oppose the People's motion. On July 23, the Court denied the motion from the bench on the basis that the Defendant had consented to give the DNA sample. A bench order to this effect followed on July 28.

Also on July 23, Mr. Smith moved to withdraw as the Defendant's counsel, arguing that it was impossible for him to effectively represent his client. The Court held a closed hearing on the matter on August 1, 2014. The Court first heard from Mr. Smith, and then heard from the Defendant out of Mr. Smith's presence.

## DISCUSSION

An attorney may seek leave to withdraw from representing a client under Rule 1.16 of the Guam Rules of Professional Conduct, which states in relevant part: "Rule 1.16: Declining or Terminating Representation…(b) Except as stated in paragraph (e), a lawyer may withdraw from representing a client if:…(6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client." Guam Rules of Professional Conduct, Rule 1.16 (b) (2012). Attorney Mark S. Smith moves to withdraw as counsel pursuant to Rule 1.16(b)(5). Mot. 1-2, Jul. 23, 2014.

Criminal defendants have a constitutional right to the effective assistance of counsel. See U.S. Const. amend. VI; see Strickland v. Washington, 466 U.S. 668, 687 (1984); see People v. Moses, 2007 Guam 5 ¶ 41. The Defendant is indigent and Attorney Smith represents him by the Court's appointment. Notice of Court Appointed Counsel, Feb. 6, 2014.

The leading Guam Supreme Court case on motions to withdraw or motions to substitute counsel in the criminal Sixth Amendment context is Chargulaf v. Camacho, WHC04-001, Order

(Supreme Court of Guam, Oct. 4, 2004). Mr. Chargulaf sought a writ of habeas corpus, in part based on the trial court's denial of his motion to substitute counsel. See Chargulaf at 6. The Supreme Court adopted the Ninth Circuit's test for reviewing whether a trial court abused its discretion by denying a defendant's motion to substitute counsel, to wit: "(1) the adequacy of the court's inquiry into the defendant's complaint, (2) the extent of conflict between the defendant and counsel, (3) the timeliness of the motion and the extent of the resulting inconvenience or delay." Chargulaf at 6 (quoting United States v. Gonzalez, 113 F.3d 1026, 1028 (9th Cir. 1997)); see also U.S. v. Nguyen, 262 F.3d 998, 1004 (9th Cir. 2001) (restating and applying the test).

A trial court commits error when it fails to make any inquiry at all. United States v. Musa, 220 F.3d 1096, 1102 (9th Cir. 2000). Inquiries are also inadequate if they are minimal. United States v. Moore, 159 F.3d 1154, 1160 (9th Cir. 1998). The court may not decide whether the motion will be granted before the inquiry. Nguyen, 262 F.3d at 1002. However, the court's basis for reaching an informed decision may arise from the defendant's description of the problem and the judge's observations. United States v. McClendon, 782 F.2d 785, 789 (9th Cir. 1986).

In determining the extent of conflict between the defendant and counsel, a court determines whether there was, "a serious breach of trust and a significant breakdown in communication that substantially interfered with the attorney-client relationship." United States v. Adelzo-Gonzales, 286 F.3d 772, 779 (9th Cir. 2001). The Supreme Court cited cases of egregious behavior as illustrations of such a breakdown. Chargulaf at 9. These included: a defense counsel calling his client a liar and threatening to deliberately lose the case, Adelzo-Gonzalez, 268 F.3d at 1159; an attorney using a racial slur against his client, Frazer v. United

States, 18 F.3d 778, 783 (9th Cir. 1994); and a defendant threatening to sue his attorney for malpractice such that the attorney would no longer be able to practice law, Moore, 159 F.3d at 1159. In contrast, cases in which the conflict centers around defense and litigation tactics do not rise to an irreconcilable conflict. Chargulaf at 10 (citing United States v. Franklin, 321 F.3d 1231, 1239 (9th Cir. 2003)).

Analysis of the timeliness of the motion includes looking to the extent of inconvenience or delay it will cause. See United Sates v. Gonzalez, 113 F.3d 1026, 1028 (9th Cir. 1997). Denial of the motion may be warranted if the motion was made "for the purpose of delay." United States v. George, 85 F.3d 1433, 1439 (9th Cir. 1996). However, a court may not prioritize its own schedule over the defendant's Sixth Amendment rights. U.S. v. Nguyen, 262 F.3d 998 (9th Cir. 2001) (finding that the trial court had improperly balanced the defendant's rights against the delay resulting from granting the motion when the judge stated in open court, "I didn't travel halfway around the world to continue this trial.").

At the hearing, the Court first asked Mr. Smith to state his reasons for moving to withdraw. He stated that he had trouble communicating with the Defendant, and that the Defendant was not taking his advice. In particular, Mr. Smith mentioned that the Defendant favored a litigation strategy that Mr. Smith thought would be unpersuasive, and to that end the Defendant had consented to give his DNA though Mr. Smith advised him not to. The Court then queried the Defendant outside of Mr. Smith's presence. The Defendant stated that he had met with Mr. Smith twice, for less than an hour each time, and was usually unable to reach Mr. Smith by telephone. Although the Defendant did leave a voice message asking Mr. Smith to withdraw from the representation, the Defendant still believed he could work with his attorney.

The motion to withdraw was filed on July 23, the same day the Court issued its bench ruling denying the Defendant's counsel's motion for reconsideration of the Court's prior order to compel the Defendant to produce a DNA sample. Def.'s Mot. Jul. 23, 2014. This motion was prompt, and nothing in the record indicates a purpose of delay or suggests that the motion was not filed in good faith. The current scheduling order sets the pre-trial conference on September 3, 2014, and jury selection and trial a week later on September 10, 2014. Criminal Scheduling Order, Mar. 7, 2014. The Court concludes that if it were to grant the motion to withdraw, substitute counsel could still be ready at this trial date, if the trial was not delayed for some other reason. Neither granting nor denying the motion is determinative of the current trial schedule.

However, the Court's inquiry has not revealed a serious enough conflict to warrant granting the motion and relieving Mr. Smith as the Defendant's counsel. The disagreement does not rise to the level of, "a serious breach of trust and a significant breakdown in communication." See United States v. Adelzo-Gonzales, 286 F.3d 772, 779 (9th Cir. 2001). Rather, the disagreement over the wisdom of the Defendant consenting to produce a DNA sample is a disagreement over defense and litigation tactics. See Chargulaf at 10 (citing United States v. Franklin, 321 F.3d 1231, 1239 (9th Cir. 2003)). To the extent that the Defendant may not fully trust his counsel's advice regarding the best litigation strategy, it is less indicative of a fundamental breakdown of trust and communication, and more indicative of insufficient time and effort to develop trust. The disagreement over litigation tactics is not the type or magnitude of egregious misbehavior such that Mr. Smith must be replaced to protect the Defendant's constitutional right to effective assistance of counsel. To the extent communication difficulties exist, they can be remedied with further effort to develop trust within the attorney-client

relationship. Mr. Smith has not brought any information to the Court's attention that indicates any other attorney the Court might appoint to represent the Defendant would be differently situated in developing an effective attorney-client relationship.

## CONCLUSION

For the reasons set forth above, the Motion to Withdraw as Counsel is DENIED.

**IT IS SO ORDERED** this day of ___ AUG 0 5 2014 ___.

HONORABLE ARTHUR R. BARCINAS
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

Att'y M Smith &
DMK

Date: 8/5/14 Time: 9:10 pm

Deputy Clerk, Superior Court of Guam